BENEDICT, District Judge.
This action is brought to recover salvage compensation for services rendered by the libelants to the steamship Lamington between the 5th and the 26th days of February, 1896. The Lamington went ashore on the Long Island coast, 15 miles east of Fire Island, on the 4th day of February, 1896, and those in New York City interested in her requested the libelant Israel J. Merritt to proceed to the relief of the steamer, upon the basis of a salvage compensation. Thereupon Merritt proceeded to the Lamington with a tug, and arrived shortly after 2 o’clock in the afternoon of the 5th, and took charge of the operation. An anchor was got out, and strain put upon it, but it was impossible to move the steamer. The weather during the 6th and 7th was severe, and work was impossible. On the 8th the sea had moderated, the steamer having meanwhile been driven over the outer bar to and on the main beach. Then the salvors boarded her, and commenced to rig spars and cargo gear for the purpose of lightening the ship. From that time until the 25th, when the weather would permit, the salvors were engaged in lightening the ship and saving such part of the cargo as was worth saving, which was placed in barges brought from the city of New York, and transported therein to the city of New York, and there sold. On the 26th, at high tide, the vessel was pulled off the beach, but grounded on the bar, and the next day she was pulled off the bar and taken to New York. The labor involved in this service was hard; the weather being very cold, and much of the time very stormy. After the ship grounded on the shore, the labor was, for the.most part, confined to lightening the vessel, and transporting to New York such of the cargo as was undamaged. The steamer, while on the beach, was so damaged that, on being sold under the process *160 of this court, she only realized $8,600 net. The cargo was libeled in the Southern district of New York, and the proceeds of the auction sale thereof amounted to the sum of $14,147.59.
That it is a case of arduous salvage services, carried on for many days in bad weather and severe cold, is not disputed. The only question raised relates to the amount to be awarded the salvors. The libelants, in order to show the nature and extent of the services they were called on to render, have offered proof of the cost of the services rendered, if paid for upon the basis of quantum meruit, which shows the value of the services to be the sum of $17,520.79. The argument of the libelants is that, as this is a case for salvage compensation, the libelants must be awarded more than $17,520.79; otherwise they will receive no salvage compensation at all. No case has been found where, in awarding compensation for salvage' services, the salvors have not been awarded more than the value of their services upon the basis of quantum meruit, and I am unable to see any ground upon which to deny these salvors some extra compensation for their risk and their trouble. If these claimants had employed no salvors, but had undertaken to get this vessel and her cargo off themselves, they would, upon the proofs, have been compelled to expend $17,520.79. Taking the testimony of Merritt to show the exact value of the services rendered, I am of the opinion that the ship and cargo should pay, in addition to the sum of $17,520.79, the sum of $1,500, amounting in all to the sum of $19,020.79. As the proceeds of the cargo are not in this court, this court can only award salvage against the vessel. The sum awarded as the proper salvage for both vessel and cargo should be apportioned between the vessel and the cargo in proportion to their value. The proceeds of the vessel amount to $8,000. The proceeds of the cargo amount to $14,147.59. This will make the salvage compensation to be paid by the vessel the sum of $6,900, for which sum the libelants may have a decree. I have fixed the sum above named upon the supposition that the testimony of Merritt as to the value of the services rendered is correct. It was not disputed on the trial: If, however, the claimants have any idea that his statement is exaggerated, they may have a reference to ascertain the value of the services rendered upon the basis of a quantum meruit, and the award will be modified accordingly.
NOTE. The reference being taken and proofs offered to oppose the valuation of services, and also to show additional expenses incurred by the owners of the vessel, it was ruled that, nevertheless, the award made should stand.-